UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------X
THOMAS WATTS,

       Plaintiff

       v.

UNITED PARCEL SERVICE, INC.,
JAMES DVORACK, and
DENNIS QUINN,

       Defendants
----------------------------------------------------------X

**COMPLAINT**

No. **1:08-cv-6155**

PLAINTIFF DEMANDS A TRIAL BY JURY

       Plaintiff THOMAS WATTS, by his attorneys, AKIN & SMITH, LLC complains of defendants upon information and belief as follows:

### NATURE OF THE CASE

1. Plaintiff complains pursuant to 42 USC Section 1981, and New York State and New York City law based upon the pendent jurisdiction of this Court pursuant to Gibb, 38 U.S. 715 (1966), and 28 U.S.C. §1367, seeking declaratory and injunctive relief and damages to redress the injuries Plaintiff has suffered as a result of being harassed, discriminated against, constructively and wrongfully discharged by his former employer on the basis of race, color, and retaliation.

### JURISDICTION AND VENUE

2. The Court has jurisdiction pursuant to 42 U.S.C. §12101 et. Seq.; 29 U.S.C. §2617; 28 U.S.C. §1331, §1343 and pendent jurisdiction thereto.

3. This case involves a Federal Question under 42 U.S.C.A. § 1981.

4. Venue is proper in this district based upon Plaintiff's residency within the County of Bronx, State of New York, within the Southern District of New York. 28 U.S.C. §1391(b). Additionally, the cause of actions arose in the County of Bronx, within the Southern District of New York.

## PARTIES

5. Plaintiff is an American male of African American (Black) race who was employed by Defendants.

6. Defendants are an "employer" as defined in 42 U.S.C. §2000e(b) and 42 U.S.C. §1211(5)(a), that employs over 15 persons and is engaged in an industry affecting commerce.

## MATERIAL FACTS

7. Plaintiff is a resident of the State of New York.

8. UNITED PARCEL SERVICE, INC. ("UPS") is a domestic business corporation duly existing in the State of New York.

9. UPS has offices at 545 Brush Avenue, Bronx, NY.

10. Plaintiff is an American male of African American (Black) race and origin and is of black and/or dark color.

11. JAMES DVORACK was at all times material Plaintiff's supervisor.

12. DENNIS QUINN was at all times material Plaintiff's supervisor.

13. At all times material Plaintiff was employed by UPS.

14. Plaintiff began working for UPS around August of 2005 as a "loader."

15. Plaintiff was promoted by Natalie Wheeler, his Manager, to the position Part-Time Supervisor around April of 2006.

16. Plaintiff's rate of pay was approximately $475 per week.

17. Beginning around January of 2008 until Plaintiff was wrongfully terminated around May of 2008, Plaintiff was subjected to numerous acts of racial harassment and discrimination based on his race and color, hostile work environment, and unlawful retaliation.

18. Defendant JAMES DVORAK committed numerous acts of harassment and retaliation and by way of example, said acts include but are not limited to the following:

19. In plaintiff's presence, Defendant JAMES DVORAK frequently referred to another employee who was Mexican as a "wetback."

20. Plaintiff asked a Hispanic co-worker for a knife and said worker replied that he did not have one. Defendant JAMES DVORAK's response was "What kind of Puerto Rican doesn't carry a knife?"

21. Defendant JAMES DVORAK in referring to another African American employee In plaintiff's presence, stated, "He's stupid. . . That's why that Nigger is going to be cleaning vomit for the rest of his life."

22. Defendant JAMES DVORAK called Plaintiff a "Jackass." Plaintiff responded that he does not look like a donkey. Defendant JAMES DVORAK then put his arm next to plaintiff's arm and said, "You're darker. . . All darker people look like donkeys!"

23. Plaintiff complained on numerous occasions about Defendant JAMES DVORAK to the Manager above James Dvorak, Defendant DENNIS QUINN. However, nothing was ever done. Fortunately, Defendant JAMES DVORAK was eventually transferred to a different location.

24. After Plaintiff complained to Defendant DENNIS QUINN about James Dvorak's comments, Defendant DENNIS QUINN began to retaliate against plaintiff.

25. Defendant DENNIS QUINN began to unjustifiably criticize and scold plaintiff.

26. Around May 21, 2008, plaintiff called in sick.

27. On May 22, 2008, Defendant DENNIS QUINN asked Plaintiff why he was sick. Plaintiff explained his symptoms and Defendant DENNIS QUINN told Plaintiff that that was "Bullshit" and that Plaintiff did not deserve his bonus. Defendant DENNIS QUINN told Plaintiff to "Get the fuck out of here – you're fired." As Plaintiff was leaving, Defendant DENNIS QUINN told Plaintiff to come back and that if Plaintiff left, he would write it down that Plaintiff quit. Defendant DENNIS QUINN told Plaintiff to get back to work.

28. On the same day, Defendant DENNIS QUINN and another supervisor came over to Plaintiff and began to harass Plaintiff making comments like, "What the fuck is he doing?"; "What kind of idiot doesn't know how to put a package on a shelf?"' "You won't be working here long." They then began making fun of Plaintiff's mother and Plaintiff strongly objected.

29. Defendant DENNIS QUINN then asked Plaintiff "What are you?" Plaintiff replied that he is a human being. Defendant DENNIS QUINN then asked "What is your nationality because your mom is white and obviously you're not."

30. Plaintiff responded that he is also black and the above other supervisor responded, "Figures."

31. On or about May 23, 2008, Plaintiff went to the Division Manager, "Andy" and complained about all of the unlawful treatment to which he was subjected.

32. Later that day, Defendant DENNIS QUINN accused Plaintiff of performing faulty work.

33. Defendant DENNIS QUINN told Plaintiff "You have time to have private meetings with Andy, but you don't get your paperwork done correctly."

34. Plaintiff told Defendant DENNIS QUINN that his meeting with Andy was very important and basically, it wasn't any of his business. Defendant DENNIS QUINN then told Plaintiff, "You Niggers got nerve."

35. Plaintiff then called Defendant DENNIS QUINN a racists bastard and Defendant DENNIS QUINN then told Plaintiff that he was fired, again, and plaintiff left.

36. Plaintiff was called back to work and around June 5, 2008 Dennis Quinn brought Plaintiff into the office 3 times within one hour. Each time, Plaintiff was harassed and criticized in retaliation for complaining and because of his color and race.

37. Also around June 5, 2008, Dennis Quinn told Plaintiff that "your mother is a very caring and loving woman" When Plaintiff asked him how would he know that, he said, "That's between me and your mom. . . Its confidential . . . Me and your mom have personal business together" Plaintiff was sent home shortly after that and when he was pulling out of the UPS employee parking lot, Dennis Quinn closed the gate and would not let Plaintiff out. When Plaintiff got out of the car to open the gate, Dennis Quinn started laughing and taking pictures of Plaintiff with his phone.

38. The above hostile work environment occurred to Plaintiff on a continual and pervasive basis.

39. Plaintiff was subjected to such hostile conditions that no reasonable person in Plaintiff's shoes would be expected to tolerate.

40. The above are just some of the examples and this type of behavior occurred to Plaintiff on a daily, continuous and pervasive manner.

41. Employers treated Plaintiff differently because of his race and color.

42. Plaintiff has been unlawfully discriminated against, retaliated against, was humiliated, has been degraded and belittled; and as a result suffers loss of civil rights, emotional distress, loss of income, earnings, and benefits.

43. Plaintiff's situation at the job was intolerable as a result of the discrimination to which he was subjected.

44. Throughout Plaintiff's employment with Employers, Plaintiff would protest and complaint to Employers about this unlawful conduct.

45. Plaintiff's performance was well above satisfactory during the course of employment with the Employers.

46. During Plaintiff's employment with the Employers, Plaintiff was regularly exposed to a discriminatorily offensive and hostile work environment.

47. Employer's actions and conduct were intentional and intended to harm the Plaintiff.

48. After Plaintiff protested to Employer, Plaintiff became the subject of discriminatory retaliation by Employers.

49. As a result of Employers' actions, Plaintiff felt extremely humiliated, degraded, victimized, embarrassed, and emotionally distressed.

50. As a result of the Employers' discriminatory and intolerable treatment of Plaintiff, he suffered severe emotional distress and physical ailments.

51. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, the loss of a salary, bonuses, benefits and other compensation which such employment entails, and Plaintiff has also suffered

future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

52. Plaintiff further claims constructive as well as actual discharge.

## AS A FIRST CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

53. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

54. Executive Law § 296 (1) provides that   It shall be an unlawful discriminatory practice:

> For an employer or licensing agency, because of the age, race, creed, color, national origin, sexual orientation, military status, sex, disability, predisposing genetic characteristics, or marital status of any individual, to refuse to hire or employ or to bar or to discharge from employment such individual or to discriminate against such individual in compensation or in terms, conditions or privileges of employment.

55.  Defendants engaged in an unlawful discriminatory practice by discriminating against the Plaintiff because of his race, color and national origin.

## AS A SECOND CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

Case 1:08-cv-06155-PAC   Document 1   Filed 07/03/2008   Page 8 of 15


56. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

57. New York State Executive Law §296(7) provides that it shall be an unlawful discriminatory practice:

> "For any person engaged in any activity to which this section applies to retaliate or discriminate against any person because [s]he has opposed any practices forbidden under this article."

58. Defendants engaged in an unlawful discriminatory practice by discharging, retaliating, and otherwise discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

## AS A THIRD CAUSE OF ACTION
## FOR DISCRIMINATION UNDER STATE LAW

59. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

60. New York State Executive Law §296(6) provides that it shall be an unlawful discriminatory practice:

> "For any person to aid, abet, incite compel or coerce the doing of any acts forbidden under this article, or attempt to do so."

61. Defendants engaged in an unlawful discriminatory practice in violation of New York State Executive Law §296(6) by aiding, abetting, inciting, compelling and coercing the discriminatory conduct

## AS A FOURTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

62. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

63. The Administrative Code of City of NY § 8-107 [1] provides that "It shall be an unlawful discriminatory practice: "(a) For an employer or an employee or agent thereof, because of the actual or perceived age, race, creed, color, national origin, gender, disability, marital status, sexual orientation or alienage or citizenship status of any person, to refuse to hire or employ or to bar or to discharge from employment such person or to discriminate against such person in compensation or in terms, conditions or privileges of employment."

64. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(a) by creating and maintaining discriminatory working conditions, and otherwise discriminating against the Plaintiff because of Plaintiff's race color and national origin.

## AS A FIFTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

65. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

66. The New York City Administrative Code Title 8, §8-107(1)(e) provides that it shall be unlawful discriminatory practice:

    "For an employer . . . to discharge . . . or otherwise discriminate against any person because such person has opposed any practices forbidden under this chapter. . . "

67. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(1)(e) by discriminating against the Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Plaintiff's employer.

## AS A SIXTH CAUSE OF ACTION FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE

68. Plaintiff repeats and realleges each and every allegation made in the above paragraphs of this complaint.

69. The New York City Administrative Code Title 8, §8-107(6) provides that it shall be unlawful discriminatory practice:

    "For any person to aid, abet, incite, compel; or coerce the doing of any of the acts forbidden under this chapter, or attempt to do so."

70. Defendants engaged in an unlawful discriminatory practice in violation of New York City Administrative Code Title 8, §8-107(6) by aiding, abetting, inciting, compelling and coercing the above discriminatory, unlawful and retaliatory conduct.

## AS A SEVENTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NEW YORK CITY
## ADMINISTRATIVE CODE

71. Plaintiffs repeats and realleges each and every allegation made in the above paragraphs of this complaint.

72. 8-107(19) Interference with protected rights. It shall be an unlawful discriminatory practice for any person to coerce, intimidate, threaten or interfere with, or attempt to coerce, intimidate, threaten or interfere with, any person in the exercise or enjoyment of, or on account of his or her having aided or encouraged any other person in the exercise or enjoyment of, any right granted or protected pursuant to this section.

73. Defendants are further liable to the Plaintiff for violating the herein section(s).

## AS AN EIGHTH CAUSE OF ACTION
## FOR DISCRIMINATION UNDER THE NEW YORK CITY
## ADMINISTRATIVE CODE

74. Plaintiffs repeats and realleges each and every allegation made in the above paragraphs of this complaint.

75. 8-107(13) Employer liability for discriminatory conduct by employee, agent or independent contractor.

a. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of any provision of this section other than subdivisions one and two of this section.

b. An employer shall be liable for an unlawful discriminatory practice based upon the conduct of an employee or agent which is in violation of subdivision one or two of this section only where:

(1) the employee or agent exercised managerial or supervisory responsibility; or

(2) the employer knew of the employee's or agent's discriminatory conduct, and acquiesced in such conduct or failed to take immediate and appropriate corrective action; an employer shall be deemed to have knowledge of an employee's or agent's discriminatory conduct where that conduct was known by another employee or agent who exercised managerial or supervisory responsibility; or

(3) the employer should have known of the employee's or agent's discriminatory conduct and failed to exercise reasonable diligence to prevent such discriminatory conduct.

76. Defendants are further liable to the Plaintiff for violating the herein section(s).

### NINTH CAUSE OF ACTION
### 42 U.S.C. Section 1981

52. Plaintiff repeats and realleges each and every paragraph above as if said paragraph was more fully set forth herein at length.

53. 42 USC Section 1981 states in relevant part as follows:

>   (a) Statement of equal rights
>
>   All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the

security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

(b) "Make and enforce contracts" defined

For purposes of this section, the term "make and enforce contracts" includes the making, performance, modification, and termination of contracts, and the enjoyment of all benefits, privileges, terms, and conditions of the contractual relationship.

42 U.S.C.A. § 1981

54. Plaintiff, a member of the Black and/or African-American race, was discriminated against because of his race as provided under 42 USC Section 1981 and has suffered damages as set forth herein.

## INJURY AND DAMAGES

77. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of a career and the loss of a salary, bonuses, benefits and other compensation which such employment entails, out-of-pocket medical expenses and Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, injury to her reputation, loss of enjoyment of life, and other non-pecuniary losses. Plaintiff has further experienced severe emotional and physical distress.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that the Defendants engaged in unlawful employment practice prohibited by 42 USC Section 1981, New York State Law and New York City Law, and that the Defendants harassed, discriminated against, discharged, and retaliated against Plaintiff on the basis of his national origin and race;

B. Awarding damages to the Plaintiff, retroactive to the date of his discharge, for all lost wages (past and future) and benefits resulting from Defendants' unlawful termination of his employment and to otherwise make him whole for any losses suffered as a result of such unlawful employment practice;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, pain and suffering and injury to his reputation in an amount to be proven;

D. Awarding Plaintiff punitive damages;

E. Awarding Plaintiff attorney's fees, costs, and expenses incurred in the prosecution of the action;

F. Awarding Plaintiff his overtime wages and liquidated damages as provided by law.

G. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendant's unlawful employment practices.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: New York, NY
      June 17, 2008

**AKIN & SMITH, LLC**

By:_____

Derek T. Smith

Attorneys for Plaintiff
305 Broadway
Suite 1101
New York, NY 10007
(212) 587-0760