UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

THOMAS WATTS,

Plaintiff,

v.

UNITED PARCEL SERVICE, INC., JAMES DVORACK, AND DENNIS QUINN,

Defendants.

Case No. 08-CV-6155 (PAC)

**ANSWER OF DEFENDANT UNITED PARCEL SERVICE, INC.**

Defendant United Parcel Service, Inc. ("UPS"), by and through its attorneys, Akin Gump Strauss Hauer & Feld LLP, hereby answers the Complaint filed by Thomas Watts ("Plaintiff") as set forth below. UPS further states that any allegation in the Complaint that is not expressly admitted below is denied.

## NATURE OF THE CASE

1. UPS admits that Plaintiff has filed a complaint alleging causes of action under 42 U.S.C. § 1981 and New York state and city law but denies these causes of action have merit and denies all of the other allegations contained in Paragraph 1 of the Complaint.

## JURISDICTION AND VENUE

2. Paragraph 2 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, UPS denies the allegations contained in Paragraph 2 of the Complaint.

3. Paragraph 3 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, UPS denies the allegations contained in Paragraph 3 of the Complaint.

4. Paragraph 4 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, UPS denies the allegations contained in Paragraph 4 of the Complaint.

**PARTIES**

5. UPS admits that Plaintiff is an African-American (Black) male whom it at one point employed but denies the remaining allegations contained in Paragraph 5 of the Complaint.

6. Paragraph 6 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, UPS denies the allegations contained in Paragraph 6 of the Complaint.

**MATERIAL FACTS**

7. UPS is without knowledge or information sufficient to form a belief as to the truth of the allegation that Plaintiff is a resident of the State of New York.

8. Paragraph 8 of the Complaint contains conclusions of law to which no response is required. To the extent a response is required, UPS denies the allegations contained in Paragraph 8 of the Complaint.

9. UPS admits that it has a location at 545 Brush Avenue in Bronx, New York but denies the remaining allegations contained in Paragraph 9 of the Complaint.

10. UPS admits that Plaintiff is an African American (Black) male but denies the remaining allegations in Paragraph 10 of the Complaint.

11. UPS admits that, at one time, James Dvorak ("Dvorak") was Plaintiff's supervisor but denies the remaining allegations in Paragraph 11 of the Complaint.

12. UPS denies the allegations contained in Paragraph 12 of the Complaint.

13. UPS admits that at one point it employed Plaintiff but denies the remaining allegations contained in Paragraph 13 of the Complaint.

14. UPS admits that Plaintiff began working for UPS in August 2005 but denies the remaining allegations in Paragraph 14 of the Complaint.

15. UPS admits that Plaintiff was promoted to the position of part-time supervisor in April 2006 but denies the remaining allegations in Paragraph 15 of the Complaint.

16. At the present time, UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint.

17. UPS denies the allegations in Paragraph 17 of the Complaint.

18. UPS denies the allegations in Paragraph 18 of the Complaint.

19. UPS denies the allegations in Paragraph 19 of the Complaint.

20. UPS denies the allegations in Paragraph 20 of the Complaint.

21. UPS denies the allegations in Paragraph 21 of the Complaint.

22. UPS denies the allegations in Paragraph 22 of the Complaint.

23. UPS denies that Plaintiff complained to Denis Quinn ("Quinn") on numerous occasions about Dvorak. UPS admits that Dvorak was eventually transferred to a different location but denies that the transfer was related in any way to Plaintiff's allegations and denies the remaining allegations contained in Paragraph 23 of the Complaint.

24. UPS denies the allegations in Paragraph 24 of the Complaint.

25. UPS denies the allegations in Paragraph 25 of the Complaint.

26. UPS denies the allegations in Paragraph 26 of the Complaint.

27. UPS denies the allegations in Paragraph 27 of the Complaint.

28. UPS denies the allegations in Paragraph 28 of the Complaint.

29. UPS denies the allegations in Paragraph 29 of the Complaint.

30. UPS denies the allegations in Paragraph 30 of the Complaint.

31. At the present time, UPS is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 31 of the Complaint.

32. UPS admits that on or about May 23, 2008, Quinn discussed Plaintiff's subpar work with Plaintiff but denies the remaining allegations in Paragraph 32 of the Complaint.

33. UPS denies the allegations in Paragraph 33 of the Complaint.

34. UPS denies the allegations in Paragraph 34 of the Complaint.

35. UPS admits that Plaintiff called Quinn a "racist bastard" but denies the remaining allegations in Paragraph 35 of the Complaint.

36. UPS admits that on or about June 5, 2008, Quinn spoke with Plaintiff about his unacceptable attendance but denies the remaining allegations in Paragraph 36 of the Complaint.

37. UPS denies the allegations in Paragraph 37 of the Complaint.

38. UPS denies the allegations in Paragraph 38 of the Complaint.

39. UPS denies the allegations in Paragraph 39 of the Complaint.

40. UPS denies the allegations in Paragraph 40 of the Complaint.

41. UPS denies the allegations in Paragraph 41 of the Complaint.

42. UPS denies the allegations in Paragraph 42 of the Complaint.

43. UPS denies the allegations in Paragraph 43 of the Complaint.

44. UPS denies the allegations in Paragraph 44 of the Complaint.

45. UPS denies the allegations in Paragraph 45 of the Complaint.

46. UPS denies the allegations in Paragraph 46 of the Complaint.

47. UPS denies the allegations in Paragraph 47 of the Complaint.

48. UPS denies the allegations in Paragraph 48 of the Complaint.

49. UPS denies the allegations in Paragraph 49 of the Complaint.

50. UPS denies the allegations in Paragraph 50 of the Complaint.

51. UPS denies the allegations in Paragraph 51 of the Complaint.

52. UPS admits that Paragraph 52 of the Complaint alleges that Plaintiff is claiming "constructive discharge" but denies that such an allegation has any merit and denies the remaining allegations in Paragraph 52 of the Complaint.

**AS A FIRST CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER STATE LAW**

53. For its answer to Paragraph 53 of the Complaint, UPS incorporates, repeats, and realleges each and every part of the Answer set forth in Paragraphs 1 through 52 above.

54. Paragraph 54 of the Complaint contains legal conclusions to which no response is required.

55. UPS denies the allegations in Paragraph 55 of the Complaint.

**AS A SECOND CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER STATE LAW**

56. For its answer to Paragraph 56 of the Complaint, UPS incorporates, repeats, and realleges each and every part of the Answer set forth in Paragraphs 1 through 55 above.

57. Paragraph 57 of the Complaint contains legal conclusions to which no response is required.

58. UPS denies the allegations in Paragraph 58 of the Complaint.

**AS A THIRD CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER STATE LAW**

59. For its answer to Paragraph 59 of the Complaint, UPS incorporates, repeats, and realleges each and every part of the Answer set forth in Paragraphs 1 through 58 above.

60. Paragraph 60 of the Complaint contains legal conclusions to which no response is required.

61. UPS denies the allegations in Paragraph 61 of the Complaint.

**AS A FOURTH CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**

62. For its answer to Paragraph 62 of the Complaint, UPS incorporates, repeats, and realleges each and every part of the Answer set forth in Paragraphs 1 through 61 above.

63. Paragraph 63 of the Complaint contains legal conclusions to which no response is required.

64. UPS denies the allegations in Paragraph 64 of the Complaint.

**AS A FIFTH CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**

65. For its answer to Paragraph 65 of the Complaint, UPS incorporates, repeats, and realleges each and every part of the Answer set forth in Paragraphs 1 through 64 above.

66. Paragraph 66 of the Complaint contains legal conclusions to which no response is required.

67. UPS denies the allegations in Paragraph 67 of the Complaint.

**AS A SIXTH CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**

68. For its answer to Paragraph 68 of the Complaint, UPS incorporates, repeats, and realleges each and every part of the Answer set forth in Paragraphs 1 through 67 above.

69. Paragraph 69 of the Complaint contains legal conclusions to which no response is required.

70. UPS denies the allegations in Paragraph 70 of the Complaint.

**AS A SEVENTH CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**

71. For its answer to Paragraph 71 of the Complaint, UPS incorporates, repeats, and realleges each and every part of the Answer set forth in Paragraphs 1 through 70 above.

72. Paragraph 72 of the Complaint contains legal conclusions to which no response is required.

73. UPS denies the allegations in Paragraph 73 of the Complaint.

**AS AN EIGHTH CAUSE OF ACTION**
**FOR DISCRIMINATION UNDER THE NEW YORK CITY ADMINISTRATIVE CODE**

74. For its answer to Paragraph 74 of the Complaint, UPS incorporates, repeats, and realleges each and every part of the Answer set forth in Paragraphs 1 through 73 above.

75. Paragraph 75 of the Complaint contains legal conclusions to which no response is required.

76. UPS denies the allegations in Paragraph 76 of the Complaint.

**NINTH CAUSE OF ACTION**
**42 U.S.C. Section 1981**

77. This Paragraph is mistakenly labeled as Paragraph 52 in the Complaint. For its answer to this Paragraph, UPS incorporates, repeats, and realleges each and every part of the Answer set forth in Paragraphs 1 through 76 above.

78. This Paragraph is mistakenly labeled as Paragraph 53 in the Complaint. It contains legal conclusions to which no response is required.

79. This Paragraph is mistakenly labeled as Paragraph 54 in the Complaint. UPS denies the allegations contained within this Paragraph.

**INJURY AND DAMAGES**

80. This Paragraph is mistakenly labeled as Paragraph 77 in the Complaint. UPS denies the allegations contained within this Paragraph.

UPS denies that Plaintiff is entitled to any of the relief sought in the lettered paragraphs following Paragraph 80 (mistakenly labeled as Paragraph 77) of the Complaint or any other relief.

**DEFENSES**

1. The Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches, ratification, acquiescence, and unclean hands.

3. Plaintiff has failed to satisfy conditions precedent to maintaining this action.

4. Plaintiff has failed to exhaust his administrative remedies and/or to comply with all applicable administrative procedures.

5. The alleged acts or omissions of UPS were not the direct, proximate, or actual cause of any injuries or damages allegedly incurred by Plaintiff.

6. To the extent, if any, Plaintiff has suffered any damages and/or losses, such damages and losses were a result of Plaintiff's own conduct and/or omissions.

7. Plaintiff voluntarily abandoned his job at UPS.

8. UPS's decision to terminate Plaintiff's employment was based solely upon his voluntary abandonment of his job.

9. UPS offered Plaintiff a transfer to another facility, which he turned down.

10. UPS promptly and fully investigated Plaintiff's complaints and took appropriate remedial action when necessary.

11. All employment decisions regarding or affecting Plaintiff were based upon legitimate, non-discriminatory reasons that were in no way related to his race, color, national origin, or a desire to retaliate and were made in good faith and without any intent to discriminate on the basis of race, color, or national origin or to retaliate.

12. UPS is not liable to Plaintiff for the acts or omissions of any supervisory or managerial employee that were beyond the scope of employment.

13. Plaintiff is not entitled to any recovery because any alleged acts or omissions by UPS were made in good faith in conformity with and reliance on applicable administrative regulations, orders, rulings, approvals or interpretations, or administrative practice or enforcement policies.

14. Plaintiff has mitigated or failed to mitigate damages, in whole or in part.

15. The Court lacks personal jurisdiction over UPS.

16. The Court lacks subject matter jurisdiction over one or more claims in this matter.

UPS reserves the right to add, alter, and/or amend its defenses and affirmative defenses as the course of discovery so requires.

WHEREFORE, having fully answered the Complaint, UPS respectfully requests that the Court dismiss Plaintiff's claims with prejudice, or in the alternative, that each and every request for relief in the Complaint be denied and that all costs and attorney fees be awarded to UPS against Plaintiff along with such other relief as the Court may deem just and proper.

Dated: New York, New York
August 20, 2008

Respectfully submitted,

AKIN GUMP STRAUSS HAUER & FELD LLP

By: [signature] Kenneth L. Shaitelman

Richard J. Rabin (RR-0037)
Kenneth L. Shaitelman (KS-4622)
590 Madison Avenue
New York, New York 10022
(212) 872-1000 (tel)
(212) 872-1002 (fax)

*Attorneys for Defendant United Parcel Service, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 20, 2008, the foregoing document was filed with the Clerk of the Court and served in accordance with the Federal Rules of Civil Procedure, and/or the Southern District's Local Rules, and/or the Southern District's Rules on Electronic Service, and via regular first class U.S. mail, postage prepaid, upon the following:

Derek T. Smith
Akin & Smith, LLC
305 Broadway
Suite 1101
New York, NY 10007

*Attorney for Plaintiff Thomas Watts*

Kenneth L. Shaitelman